Mekrei.Tj, J.
The errors complained of in the petition in error in this court, as having been committed in the district court, a,re: (1) The court erred in sustaining the motion of the defendant to amend the affidavit of appeal; (2) the court erred in denying themotionof plaintiff to dismiss the appeal; (3) the judgment of the court-was contrary to law. This action was originally brought by plaintiff in error in the court of a justice ■of the peace, where plaintiff in error obtained a judgment. Defendant in error •appealed to the district court, where judgment was reversed; but the first action invoked in the district court was by plaintiff in error by his motion to dismiss the appeal. One ground alleged for this motion was that no notice of intention to appeal was filed in the justice’s court. It seems that such notice of intention had been filed, but was mislaid; it was afterwards found. One other ground is alleged for the motion to dismiss the appeal. It is that the affidavit for appeal was defective, because it was not signed by the affi-ant, and the jurat thereto was not signed by the justice who administered the oath. The district court permitted the affidavit to be amended by the signature of affiant (attorney for defendant in error) being subscribed thereto, and by the signature of the justice who administered the oath being subscribed to the jurat. These amendments were allowed upon a satisfactory showing by affidavits that the oath was actually administered to affiant by the justice at the proper time, and the signatures were omitted inadvertently. Section 2501 of the Code provides that the ■court may, before or after judgment, in furtherance of justice, amend any pleading, process, or proceeding, by adding or striking out the name of a party, or by -correcting a mistake in any other respect. Section 7, act relating to appeals from justice of the peace, (Sess. Laws 1890, p. 55,) • expressly authorizes amendment of the record, the language being as follows: 1 “The district court may, in its discretion, allow amendments to the record in furtherance of justice. ” There is abundance of authoritv under statutes precisely like our own, that such amendments should be allowed. Irwin v. Bank, 6 Ohio St. 81; Van Halen v. Ridgeway, 1 West. Law-Month. 280; O’Dea v. Washington Co., 3 Neb. 118; Wilson v. Macklin, 7 Neb. 50; Pierce v. Butters, 21 Kan. 124; Watts v. Shewell, 31 Ohio St. 331; and numerous others. The Wisconsin cases cited by plaintiff in error have but little bearing upon the matter of amendments, as in this case presented, as it does not appear that that state had a statute authorizing amendments in any way similar to our own.
As to the notice of intention to appeal, the justice’s transcript does not mention it. An oral argument has been made to the effect that the transcript is the only admissible evidence of the fact of such notice having been filed in the justice’s court, and therefore the appeal should have been dismissed, for the want of this statement in the justice’s transcript. This point was not raised in the district court, and it is too late to raise it now. This court sits to correct the errors of that court. Besides, if it was an error, the error affected no substantial right after the notice was restored to the files. Rev. St. § 2502. We find no error in the action of the court below in allowing the amendment of the affidavit for appeal. After this was done, plaintiff in error declined to further prosecute or present his case, and thereupon the court rendered judgment against him for costs. It could do nothing else. The judgment of the district court is affirmed.
Gkoesbeck, C. J., and Conaway, J., concur.