[Civil No. 854.   Filed March 30, 1905.]

[80 Pac. 365.]

## J. E. McCOY, Appellant, v. J. J. BROOKS, Defendant and Appellee.

1. JUDGMENT — PLEADING — MOTION — FINDINGS OF FACT—REV. STATS. ARIZ. 1901, PAR. 1406, CONSTRUED.—Paragraph 1406, *supra,* requires findings to be made by the trial court on those issues which arise upon pleadings. A motion is not a pleading and under our statutes findings upon controverted question of fact arising thereon are unnecessary, nor will the decision be disturbed if there is evidence in the record to sustain it.

2. JUDICIAL SALES—SETTING ASIDE—MOTION—INADEQUACY OF PRICE— UNCONSCIONABLE—SUFFICIENT TO SET ASIDE.—Inadequacy of price so gross as to be "unconscionable" is sufficient ground to justify the setting aside of a sheriff's sale on motion.

3. SAME—MISCONDUCT OF SHERIFF.—Where a sheriff exceeded the authority of his writ in selling more property than was necessary to satisfy the execution or was guilty of misconduct in refusing to accept from the defendant payment of the judgment and costs the sale will be set aside.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. Richard E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

Reese M. Ling, for Appellant.

Ross & O'Sullivan, and E. S. Clark, for Appellee.

DAVIS, J.—J. C. Forest, as plaintiff, brought an action in the district court of Yavapai County against J. J. Brooks, in which, on November 9, 1903, he recovered a judgment against said defendant for the sum of $273.83 and costs. There had been a writ of garnishment issued in said action and served upon the Bannie Gold Mining and Milling Company, an Arizona corporation. From the answer of the garnishee it appeared that the defendant, Brooks, was the owner of three hundred and forty-seven thousand shares of the capital stock of said company, and on November 11, 1903, the court decreed the sale of the defendant's stock in

said company, or so much thereof as might be necessary to satisfy the execution under the aforesaid judgment. On November 27, 1903, execution was issued, and in pursuance thereof the sheriff levied upon and gave notice of the sale of said stock. The sale was made on the twelfth day of December, 1903. The sheriff offered the stock as a whole, and sold the entire block of three hundred and forty-seven thousand shares to the appellant, J. E. McCoy, for the sum of three hundred and fifty dollars, that being the highest bid which was received. The amount necessary to satisfy the judgment, interest, and costs at the time was $323.83. The defendant himself was present at the sale, and bid on the stock a sum slightly in excess of this last-named amount. The appellant paid to the officer the amount of his bid, and received from the latter a bill of sale for the said shares of stock. On December 15th—three days after the execution sale—the defendant filed a motion to set aside said sale, basing the motion, among other grounds, upon the gross inadequacy of the selling price, and alleged misconduct of the officer who conducted the sale. The motion was supported by affidavits, and counter affidavits were filed in opposition thereto. At the time of filing his motion the defendant tendered into court the full amount of the judgment against him, including interest and costs. In his own affidavit in support of said motion the defendant set forth, among other things, that the said three hundred and forty-seven thousand shares of stock were of the aggregate value of fifty-two thousand and fifty dollars; that he was present at the sale, and offered to pay to the sheriff the amount of the judgment and costs, which the officer announced at the time to be the sum of $323.83; that he also made a bid of three hundred and twenty-seven dollars on the stock, but that the sheriff continued to offer said stock for sale, and knocked off the same to J. E. McCoy at the price of three hundred and fifty dollars; that defendant immediately thereafter, and before any bill of sale was issued to the said McCoy, tendered the sum of three hundred and twenty-seven dollars to the sheriff, who refused to accept it. Affiant further declared that the offer of said stock for sale as a whole had not been at his suggestion, or with his approval. Upon the hearing the court found, from the proofs

submitted, that the value of said three hundred and forty-seven thousand shares of stock when sold, on December 12, 1903, was about the sum of fifty-two thousand dollars, and that the price realized at the sale was inadequate, unreasonable, and unconscionable. The motion was granted, and an order made setting aside and vacating the execution sale. It is from this order that the appeal is taken.

The appellant, conceding the inadequacy of the selling price, contends that this alone is insufficient to authorize the setting aside of an execution sale, and relies upon the point that the district court did not affirmatively find that there existed any fraud, irregularity, or misconduct in the sale. The issues of fact upon which the statute [Rev. Stats. Ariz. 1901, par. 1406] requires findings to be made by the trial court are those issues which arise upon pleadings. A motion is not a pleading under our statute, and it was not incumbent upon the court, in giving its decision, to declare its determination upon every controverted question of fact presented by the affidavits. We would not be justified in disturbing the order here appealed from if there is evidence in the record to sustain the facts upon which that order could properly be based. An examination of the authorities will show that the courts hesitate to declare inadequacy of the selling price a sufficient ground in itself for vacating an execution or judicial sale. Treating of this topic, Mr. Freeman, in his work on Executions, after reviewing the authorities, says: "So far as any general rule has been formulated upon the subject, it seems to be this: 'That mere inadequacy of price, where parties stand on an equal footing, and there are no confidential relations between them, is not, of itself, sufficient to set aside a sale unless the inadequacy is so gross as to be proof of fraud, or to shock the judgment and the conscience.' " Freeman on Executions, 3d ed., sec. 3041. If the inadequacy can be connected with or shown to result from any mistake, accident, surprise, misconduct, fraud, or irregularity, the sale will generally be vacated. Id., sec. 309. And in the same section the learned author observes: "We think the better rule is that inadequacy of price may be so gross as to create the presumption of fraud or misconduct on the part of the officer or the purchaser." It was said by the supreme court of Alabama, in

the case of *Henderson* v. *Sublett,* 21 Ala. 630: "When the inadequacy is so glaring and gross as at once to shock the understanding and conscience of an honest and just man, it will, of itself, authorize the court to set aside the sale. For instance, if, as in the case under consideration, a tract of land of the value of eighteen hundred dollars is sold for five dollars, the court out of which the execution issued should not hesitate to set aside the sale for this cause alone." The supreme court of the United States, after a review of the authorities upon the subject, speaking through Mr. Justice Bradley, said: "From the cases here cited we draw the general conclusion that, if the inadequacy of price is so gross as to shock the conscience, or if, in addition to gross inadequacy, the purchaser has been guilty of any unfairness, or has taken any undue advantage, or if the owner of the property, or party interested in it, has been for any other reason misled or surprised, then the sale will be regarded as fraudulent and void, or the party injured will be permitted to redeem the property sold. Great inadequacy requires only slight circumstances of unfairness in the conduct of the party benefited by the sale to raise the presumption of fraud." *Graffam* v. *Burgess,* 117 U. S. 180, 6 Sup. Ct. 686, 29 L. Ed. 839. We think the last-mentioned authority would be sufficient to sustain the action of the trial court in the case at bar if its ruling had been based alone upon the ground that the price was "unconscionable." But if the court also took into consideration that the officer exceeded the authority of his writ in selling more property than was necessary to satisfy the execution, or that he was guilty of misconduct in refusing to accept from the defendant payment of the amount of the judgment and costs, there was evidence before it to support these additional grounds for vacating the sale.

The record discloses no error, and the order appealed from will be affirmed.

KENT, C. J., and DOAN, J., concur.