**Harold L. McGHEE, Appellant,**

v.

**Charles L. WOLFF, Jr., Warden, Nebraska Penal and Correctional Complex, Appellee.**

No. 71–1340.

United States Court of Appeals,
Eighth Circuit.

March 23, 1972.

Harold L. McGhee, pro se.

Clarence A. H. Meyer, Atty. Gen., and Harold Mosher, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before MATTHES, Chief Judge, and LAY and ROSS, Circuit Judges.

PER CURIAM.

Appellant, having been convicted in a Nebraska state court on January 15, 1968, on three counts of assaulting a police officer, is confined in the Nebraska Penal and Correctional Complex. Following his trial for assault, the Nebraska court, after a hearing, found that appellant was an habitual criminal under Nebraska law and sentenced him to ten years on each count, the sentences to run concurrently. The Nebraska Supreme Court affirmed. State v. McGhee, 184 Neb. 352, 167 N.W.2d 765 (1969).

Appellant sought relief in the United States District Court upon six grounds which are enumerated in Judge Urbom's opinion reported at McGhee v. Sigler, 328 F.Supp. 538 (D.Neb.1971).

Appellant, in his pro se brief, seeks reversal of the district court's order on the ground that his 1952 conviction in the District Court of Lancaster County, Nebraska was invalid and his 1960 conviction in the District Court of Pocahontas County, Iowa also was invalid. Consequently it is argued that neither the 1952 conviction nor the 1960 conviction could form the basis for enhancement of his 1968 conviction referred to above. Judge Urbom carefully considered all of appellant's claims and, in a soundly reasoned opinion, convincingly demonstrated that both the 1952 and 1960 convictions were constitutionally valid. We agree and affirm on the basis of Judge Urbom's opinion.

---

**Joseph Anthony BUTERA, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 71–2835
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 20, 1972.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Affirmed.[1] See Local Rule 21.[2]

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. In seeking relief under 28 U.S.C.A. § 2255 appellant claims (i) the District Court was without jurisdiction because the Government failed to prove that the deposits of the burglarized bank were insured by the Federal Deposit Insurance Corporation and (ii) the District Court erred in refusing to order a mistrial after a Government witness was unable to identify evidence introduced against the defendant.

2. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.