Freddie L. JACKSON, Appellant (Defendant below),

v.

The STATE of Wyoming, Appellee (Plaintiff below).

No. 4291.

Supreme Court of Wyoming.

June 7, 1974.

Rehearing Denied July 10, 1974.

John W. Pattno of Pattno & Smith, Cheyenne, for appellant.

Clarence A. Brimmer, Atty. Gen., Jerome F. Statkus, Asst. Atty. Gen., Thomas J. Carroll, Laramie County Atty., Cheyenne, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE, and McCLINTOCK, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

This is an appeal from the judgment and sentence rendered upon guilty verdicts by the court sitting without a jury upon grand jury indictments of the crimes of possession with intent to deliver marihuana, and delivery of marihuana. The defendant alleged prejudicial error because he was denied permission to interview a State witness prior to trial.

In discussing the trial court's denial of the defendant's motion to compel the prosecuting attorney to reveal the name and address of the witness in question we must consider the facts and information given to and available to the trial court when it ruled on the motion. This is significant because there is a different standard as to disclosure of the identity of informers as contrasted to participating witnesses. Generally an informer is defined as an undisclosed person who confidentially discloses material information of a law violation, thereby supplying a lead to officers for their investigation of a crime. A person who supplies information only after being interviewed by law enforcement officers, or gives information as a witness during the course of investigation or trial is not an informer in the usually accepted sense of the word. Gordon v. United States, 5 Cir., 438 F.2d 858, 875; Crosby v. State, 90 Ga.App. 63, 82 S.E.2d 38, 39. Here the prosecution misled the court and the defendant by insisting the party was an informer when in fact he was a quasi police officer-participating witness.

On May 3, 1973, the grand jury returned two indictments against the defendant. One charged him with unlawfully possessing marihuana with intent to deliver contrary to § 35–347.31(a)(ii), W.S.1957, 1973 Cum.Supp., and the other charged that he did unlawfully deliver a controlled substance, marihuana, to Lorraine Elliott contrary to § 35–347.31(a)(ii), and warrants were subsequently issued by the district court. On May 11, 1973, counsel for defendant filed motions for discovery under Criminal Rules 18(a), (b) and (h). At the arraignment hearing on May 14, 1973, counsel for defendant advised the court that although the county attorney had permitted him to examine some records he felt he was not given all the information to which he was entitled, and asked that the trial court enter an order upon his motions and that arraignment be continued until such time as he could examine the records so he could advise his client as to pleas. On that same day the trial court entered an order for inspection as prepared and submitted by defense counsel, and continued the arraignment. On June 8, 1973, the defendant was arraigned and entered pleas of not guilty reserving the right to make further discovery after the pleas, and the trial court entered another order granting defense counsel the right to inspect certain records of the prosecuting attorney. On June 15, 1973, defendant filed a motion to require the county attorney to produce the address of Lorraine K. Elliott, and the name and address of SN–0100. In the affidavit, attached to the motion, counsel stated that in examining the prosecution documents he came upon the name of Lorraine K. Elliott and someone designated only as SN–0100, and that he was informed and believed they had participated in the activities with which the defendant was charged. On June 25, 1973, the matter was set for jury trial on July 16, 1973. On July 3, 1973, counsel for defendant filed an affidavit in support of the motion to produce names and addresses in which it was stated that it was impossible to prepare a defense without being able to talk with the witness, SN–0100. Attached to the affidavit were copies of the records of the Attorney General's investigations which identified the individual as SN–0100

and which indicated that SN–0100 partici-pated in the marihuana sale with which the defendant was charged, and also showed that Lorraine Kay Elliott was a special agent-trainee of the Office of the Attorney General. On July 6, 1973, a hearing on the motion to produce the name and ad-dress of SN–0100 was held by the district court and the proceedings were tran-scribed. The prosecutor filed nothing in resistance to the motions and affidavits of the defendant. During the hearing on the motion Mr. Franklin D. Bayless, Deputy County and Prosecuting Attorney, advised the court that the name of SN–0100 was Alfredito Sanchez and repeatedly referred to him as an informer. Defense counsel pointed out that Sanchez was more than an informer in that he actively participated in the sales transaction. Copies of the records of the Attorney General's Office attached to the defendant's motion revealed that SN–0100 was the one who actually con-tacted the defendant and arranged for and was present at the sale transaction. Still, the deputy prosecutor kept referring to him as an informer and stated to the court that the prosecution opposed revealing the in-former's address because they had received information his life was in danger. In denying the defendant's motion the court said that even though it was not clear there was a risk to the informer, there was no use taking unnecessary chances. Although the motion was denied, the court required the State to make available all statements of the informer and, further, that the in-former be present at trial. It is clear then the court was led by the prosecution to be-lieve that SN–0100 was an informer. The prosecution knew that SN–0100 was more than an informer—he was the principal participating witness.

During the trial the county attor-ney stated that Sanchez was an unpaid un-dercover agent for the Attorney General's Investigative Office which Sanchez con-firmed. There is nothing in the record to indicate that Sanchez was an informer. In its brief the State agreed with the defend-ant that Sanchez was not an informer.

We can visualize situations where a person may start out as an informer and then be-come something in addition, such as a wit-ness or a participating witness. Here the capacity of Sanchez could best be charac-terized as that of a police officer-partici-pating witness. While usually the identity of an informer need not be revealed, the general rule is that the identity of a wit-ness may not be withheld from the defense. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 627, 1 L.Ed.2d 639; Sorrentino v. United States, 9 Cir., 163 F.2d 627, 628. See Annotations in 76 A.L.R.2d 262 and 73–78 A.L.R.2d Later Case Service 254 (1968). See also accused's right to inter-view witnesses held in public custody in Annotation in 14 A.L.R.3d 652. The State agrees the general rule is as stated, but insists that the failure to permit the defendant to interview the prospective wit-ness prior to trial was harmless error.

We must look to the role played by the witness, and the facts surrounding the events leading up to the transaction upon which the charges were based, to deter-mine how vital discovery of Sanchez' ac-tion were to the preparation of a defense. It should be recalled that the defendant contended on the hearing of the motion to reveal the identity of SN–0100 that he needed this information to develop his de-fense. After the State rested he argued to the court that he came into the trial think-ing Sanchez was an informer and that it turned out he was an employee of the State. He claimed he was misled and was unable to make out a defense which could have been entrapment. When we look at the trial transcript it is clear the defense of entrapment was a distinct possibility. While case law is divided on the question of burden of proof after the issue of en-trapment is raised, the defense looms when a police officer participates in the crime. Lopez-Hernandez v. United States, 9 Cir., 394 F.2d 820, 821. One line of cases places the burden on the defendant to show both police inducement to commit the crime and defendant's absence of a pro-pensity to commit it. In the second line

of cases the burden is on the defendant to show police inducement, but once shown the burden is on the State to show that the defendant had the propensity to commit the crime. State v. Swain, Wash.App., 520 P.2d 950.

On April 23, 1973, Sanchez and Miss Elliott went in his car to the defendant's residence " * * * to see if we could buy some marijuana off of him." Sanchez asked the defendant if he had any marihuana to sell, and the defendant replied he was sold out but he might have some later that evening. They did not see the defendant again until April 26, when Sanchez and Elliott again went to defendant's residence. Defendant was not home, but as they left his house they observed his car some distance away, went around the block and stopped him as he returned to his car. Sanchez asked him if he wanted to sell a lid, and the defendant said "Sure," went to his car and brought back a lid. Lorraine Elliott handed the defendant $20.00 and he gave her $10.00 change. He then gave the lid to Sanchez and Elliott. Sanchez testified that when they went to the defendant's house he was not sure that they could purchase marihuana from him.

Miss Elliott first met the defendant on April 23, when she went with Sanchez to the defendant's house in " * * * an undercover capacity to meet Mr. Jackson for the purpose of obtaining controlled substances * * *." On April 26, she testified she and Sanchez again went to the defendant's house for the purpose of purchasing marihuana. The Assistant Chief Special Agent of the Office of the Attorney General's Division of Criminal Investigation was in charge of the operation on the night in question and testified that the sole purpose of sending Sanchez and Elliott to the defendant's house was to get him to sell them a drug.

Sanchez testified that he had previously purchased marihuana from the defendant. This could well be the basis for the State's answer to the entrapment issue. However, it would appear the defendant, because he could not interview Sanchez before trial, was effectively denied the right to pursue what turned out to be a clear possible defense.

To say, as does the State, that the defendant could have developed this defense upon cross-examination is to voice an unrealistic suggestion. Counsel is not required to develop a defense for the first time upon trial, and any attorney who attempted to do so at that late stage would justifiably have his competency questioned and be open to criticism at the least. The interviewing of prospective witnesses, or any party who may have some knowledge of the subject event, is such a basic procedure in the proper preparation of either a civil or criminal case that it is axiomatic. Not only was it revealed at the trial that Sanchez was a participating witness and not an informer, as previously insisted, but also that he had been a user of marihuana for seven months although he had not used any for approximately two months and was, at the time of trial, charged with possession of marihuana by the Attorney General's office. While he had not been given immunity, he had not yet been prosecuted and hoped to be given consideration because of his assistance to the Attorney General's office. The record reveals that the prosecutor's characterization of Sanchez as just a citizen interested in assisting law enforcement was inaccurate. If we are to encourage people to get involved and report crimes and testify, we appreciate that courts should take whatever reasonable steps as may be necessary to insure that a volunteer interested citizen not be subject to harassment or undue inconvenience by a defendant or his counsel either directly or indirectly. However, here the witness was a quasi police officer who was expecting some benefit to flow to him as a result of his actions. He should not expect to receive the same consideration as given to a volunteer interested citizen.

The prosecution had the exclusive knowledge regarding Sanchez' testimony, and by withholding the correct information from the court it lost its standing to contend that the trial court's ruling was cor-

rect. A determination based upon an erroneous premise is, in effect, no determination at all. In light of the extent of the witness-Sanchez' participation in the events culminating in the defendant's arrest it cannot be said that disclosure of Sanchez' identity would not have been helpful to the preparation of the defendant's defense.

The judgment and sentence is therefore set aside and the matter remanded to the district court with instructions to reopen the case and permit the defendant to interview the witness Sanchez and develop through discovery any matters which might be revealed through such interview as though the interview had been granted prior to trial, as requested by the defendant, and provided further the defendant should be permitted to cross-examine witnesses previously called by the State, or call any new witnesses upon any relevant competent matter which the interviewing of the witness Sanchez may develop. The trial court may consider the evidence as previously presented upon taking into account what effect new matters may have upon it. The effect of this remand is an attempt to have the trial proceed as though the defendant had been permitted to interview the witness Sanchez prior to trial and still preserve that portion of the trial already conducted which would have taken place even if the defendant had been permitted to interview the witness. The defendant may also, of course, pursue any defense which may develop from such interview. The remand is made in this fashion to save the time of the trial court and witnesses since most of the testimony and evidence need not be received again, but in the event the trial court deems it necessary or in the best interest of justice it may in its discretion grant a new trial on the entire matter or upon such portions as it deems just somewhat along the lines as provided in Rule 34, W.R.Cr.P.

Remanded with instructions.

PARKER, C. J., concurs in the result.