STATE OF NEBRASKA, APPELLEE, v. ROBERT D. MORFORD, APPELLANT.

222 N. W. 2d 117

Filed October 10, 1974. No. 39358.

H. B. Muffly, Brian R. Watkins, and Richard H. Osborne, for appellant.

Clarence A. H. Meyer, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

Defendant was convicted on a misdemeanor charge of possessing marijuana. The conviction was affirmed on appeal to the District Court. We affirm the judgment.

Defendant states he did not knowingly waive his right to counsel; that the trial judge did not properly advise him of his rights during the trial; and that the evidence is insufficient to sustain the conviction.

A police officer talked with two young persons and determined that they had been drinking alcoholic beverages although below the age limit permitting such activity. On accompanying these individuals to their car, the officer observed two other individuals in the car, one of whom was the defendant. He also observed beer in the car. The. defendant was seated in the rear seat and had a sleeping bag between his feet under which was a cigar box, taped or tied shut, containing marijuana and smoking paraphernalia. When the officer stated the contents appeared to be marijuana, the defendant ran from the scene.

When arraigned in the county court, defendant was informed of his right to have an attorney at public expense but informed the court that he did not want one and if he did, he would be able to retain one. This statement was made with full knowledge of the nature

of the charge and the possible penalties. It is sufficient if the waiver of counsel was made intelligently and understandingly with knowledge of his right to counsel. See, Spanbauer v. Burke, 374 F. 2d 67 (7th Cir., 1966), cert. den. 389 U. S. 861; State v. Green, 185 Neb. 673, 178 N. W. 2d 271.

No transcript of the county court arraignment proceeding appears. The facts regarding waiver of counsel are taken from the county court journal entry. The correctness of the journal entry is not questioned. Defendant simply states it is not a sufficient record. Ordinarily the duly authenticated record of a county court imports absolute verity. See Anderson v. State, 163 Neb. 826, 81 N. W. 2d 219. In McGhee v. Sigler, 328 F. Supp. 538, (D. Neb., 1971), affirmed per curiam, McGhee v. Wolff, 455 F. 2d 987 (8th Cir., 1972), cert. den. 409 U. S. 1022 (1972), a similar situation was presented. Therein it is stated: "It is true that waiver cannot be presumed from a silent record. * * * But acquiescence to proceeding without counsel can be inferred from the record in the present case, which is not a silent record. The records of the district court of Nebraska state that on October 29, 1952, the defendant, Harold McGhee, appeared before the Honorable John L. Polk and in open court waived his right to counsel." In a footnote the journal entry of the District Court is set out as the record relied on. We conclude that a journal entry of an arraigning court stating that a defendant has waived counsel will support such a finding on appeal in the absence of proof that the journal entry in incorrect.

Defendant asserts that the trial court has a duty to advise a defendant proceeding pro se of his various rights as they come into question. At the conclusion of the State's case, defendant stated he would take the stand. The court then informed him that he had a right not to testify but could do so if he wished, and that if he did, he would be subject to cross-examination

and would waive his right to remain silent. Defendant has failed to cite any authority in point to support his contention. It is generally recognized that a trial judge cannot effectively discharge the roles of both judge and defense counsel. One of the penalties of a defendant's self-representation is that he is bound by his own acts and conduct and held to his record. See, United States v. Dujanovic, 486 F. 2d 182 (9th Cir., 1973); State v. Lashley, 21 N. C. App. 83, 203 S. E. 2d 71.

In regard to the sufficiency of the evidence to sustain the judgment of conviction, the evidence first above-mentioned is pertinent. On cross-examination the defendant admitted he knew the box contained marijuana. The case of State v. Faircloth, 181 Neb. 333, 148 N. W. 2d 187, presented an identical situation. It was therein stated: "In this case the evidence shows that Oram had the blue duffle bag containing marijuana between his legs when the automobile was stopped by the patrolman. This circumstance placed the marijuana 'within such close juxtaposition' or 'easy reach' of the defendant that he could be found to be in possession of it." We conclude that the assignment is without merit.

The judgment of the District Court is affirmed.

AFFIRMED.