**Walter MAYLAND and Martin Mayland, Appellants (Defendants below),**

v.

**The STATE of Wyoming, Appellee (Plaintiff below).**

**No. 4743.**

Supreme Court of Wyoming.

Aug. 31, 1977.

Otis W. Beach, Greybull, for appellants.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Daniel E. White, Asst. Atty. Gen., and George L. Simonton, Deputy County and Pros. Atty., Park County, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS, and ROSE, JJ.

GUTHRIE, Chief Justice.

Appellants, Walter and Martin Mayland, were found guilty in justice of the peace court of allowing a game animal to go to waste in violation of § 23.1–77, W.S.1957, 1975 Cum.Supp.; and appellant Martin Mayland was found guilty of wearing improper hunting garments in violation of § 23.1–66, W.S.1957, 1975 Cum.Supp. Upon appeal from justice of the peace court the district court affirmed such judgments.

Appellants seek to raise two questions, i.e., whether they may be convicted under § 23.1–77, contending that under this statute the person must have been the one who killed the animal and that he must have abandoned or allowed the animal or the edible portions thereof to go to waste. They also attack the constitutionality of the statute on the grounds that it is vague and uncertain and violative of Article 1, §§ 2, 3 and 6 of the Wyoming Constitution. We cannot reach these contentions because we are without jurisdiction in this case.

After the conviction of these defendants in justice of the peace court the following notice of appeal was filed:

"COME NOW the Defendants and appeal the judgment of the above-captioned Court, finding the Defendants guilty of violating the provisions of Section 21.1–77 [sic] W.S." [1]

The county attorney then filed the following motion:

"COMES NOW the Office of the Prosecuting and County Attorney for Park County and moves this Court to dismiss the Appeal, a Notice of which was filed by Mr. Robert D. Olson on February 19, 1976. Said Notice does not comply with the rules applicable to such Appeal and is therefore defective and said Appeal should be dismissed."

There is no ruling upon this motion in the record, but the trial judge reviewed the transcript and affirmed the ruling of the justice of the peace court.

Relying upon the record and argument, it might be observed that the appellants seem strangely content to ignore the question of the sufficiency of the notice of appeal. This motion raised a jurisdictional question and no briefs were filed in the district court as allowed by Rule 23(f), W.R. Cr.P.J.C. Appellants in their brief herein filed do not mention this matter. After it was raised in the brief of the State they made no request to file a reply brief; nor were supplemental authorities submitted on this question. In argument appellants did not attempt to meet this question other than the statement that it was not jurisdictional, although no cases or authority were cited, and strangely conceded that the district court could have dismissed this appeal because of the form of this notice. To suggest that compliance with appellate rules rests solely in the trial court's discretion is incredulous because the procedure for handling appeals from justice of the peace courts is governed by the same princi-

---

1. The attorney who filed this notice is not the one prosecuting this appeal.

ples applicable to appeals to this court, Rule 72(b), (d), and (i), W.R.C.P.; *State v. Heberling*, Wyo., 553 P.2d 1043, 1045.

It is clear that the notice of appeal herein filed in no manner complies with the specific requirements of Rule 23(c), W.R.Cr.P.J.C., which provides:

"The notice of appeal shall state with particularity the alleged errors of the justice or other grounds relied upon for appeal."

The court is then faced with the simple question of whether the requirements of this rule are mandatory.

It is hard to conceive a more direct commandment than rests in this rule. This is clear and obvious. This court in a much earlier day observed that when the word "shall" was employed, it was usually legally accepted as mandatory, *Mau v. Stoner*, 14 Wyo. 183, 83 P. 218, 219. Also, see *Fear v. Crane*, 344 Pa. 624, 26 A.2d 457, 459. In construing statutes, "Unless the context otherwise indicates the use of the word 'shall' (except in its future tense) indicates a mandatory intent," 1A, Sutherland Statutory Construction, § 25.04, p. 301 (4th Ed. Sands); *Ginnavan v. Silverstone*, 246 Md. 500, 229 A.2d 124, 127.

Orderly judicial administration is dependent upon procedural rules, and in order to assure uniform and timely disposition of appeals they must be enforced and not relaxed or changed at the whim of any court. See *United Mine Workers of America District No. 23 v. Morris*, Ky., 307 S.W.2d 763, 765. Reasonable adherence to the rules of the court is necessary to the proper administration of justice, *Zier v. City of Powell*, Wyo., 526 P.2d 63.

The failure to comply with this rule in attempting this appeal to the district court required dismissal of the appeal by the trial court. The affirmance by that court was improper, and there is nothing before this court by way of an appealable order.

Aside from the mandatory requirement of the rule, there is another compelling reason that this rule must be so construed to keep it in harmony with the firmly established appellate rule which must also be applied to district courts when they act in that capacity. This court has upon numerous occasions said it was improper upon appeal to consider matters not raised in the trial court, *Mader v. James*, Wyo., 546 P.2d 190, 195; *Weber v. Johnston Fuel Liners, Inc.*, Wyo., 519 P.2d 972, 978; *Oedekoven v. Oedekoven*, Wyo., 538 P.2d 1292, 1295, excepting of course matters which go to jurisdiction.

Although they do not involve defective notices of appeal, we find the rationale of two earlier cases applicable here. The case of *Hogan v. Peterson*, 8 Wyo. 549, 59 P. 162, 164, held that a question was not properly before the court because of failure to raise it in a motion for new trial. *Fryer v. Campbell*, 46 Wyo. 491, 28 P.2d 475, held that a petition in error which failed to distinctly set out the errors claimed as required by the rule was defective.

This record amply demonstrates the necessity of the mandatory application of this rule unless we are to ignore the preceding principle. The order affirming this appeal states no reason or basis for the affirmance; nor does it recite the basis upon which this disposal was made. Certainly there were no specific ascertainable questions raised by the original notice of appeal. Under this factual situation this court is in the position of being asked to review questions asserted in briefs and arguments which do not appear in the record. This would certainly not generate or recognize orderly appellate processes. We cannot ascertain what the district court was called upon to review or did review. What action of the district court, then, can this court review?

We find most helpful the case of *United States v. Corrick*, 298 U.S. 435, 440, 56 S.Ct. 829, 832, 80 L.Ed. 1263, 1268, rehearing denied 298 U.S. 692, 56 S.Ct. 951, 80 L.Ed. 1410, which involved an appeal to the United States Supreme Court from a district court which had issued a restraining order without jurisdiction over the matter. Although the question of jurisdiction was not raised

in that case, the court observed, "While the District Court lacked jurisdiction, we have jurisdiction on appeal, *not of the merits*, but merely for the purpose of correcting the error of the lower court in entertaining the suit." (Emphasis supplied.) See also *Ginn v. Parrish*, Wyo., 362 P.2d 824, 828.

This case is remanded to the district court with directions to dismiss the appeal and to reinstate the judgments heretofore entered by the justice of the peace court.