580 P.2d 760

**HOMECRAFT CORPORATION, an Arizona Corporation, Appellant,**

v.

**Eduardo FIMBRES and Lupe Fimbres, husband and wife, Appellees.**

**No. 2 CA–CIV 2709.**

Court of Appeals of Arizona, Division 2.

April 7, 1978.

Rehearing Denied May 17, 1978.

Review Denied June 8, 1978.

King & Frisch by James C. Frisch and Peter C. Seagle, Tucson, for appellant.

Biggers & Enriquez by John W. Biggers, Tucson, for appellees.

## OPINION

HOWARD, Judge.

This appeal concerns a mechanic's and materialman's lien foreclosure action in which judgment and execution were set aside by the trial court pursuant to appellees' motion for relief from judgment.

A fence located on the property of Eduardo and Lupe Fimbres was damaged by a severe windstorm which struck Tucson on July 24, 1975. Upon recommendation of their insurance agent, the Fimbres contacted Stephen Ash, president of appellant Homecraft Corporation, to arrange for the repair of their fence. On July 27, 1975, Lupe Fimbres signed a work authorization. While she was away from the residence, appellant's workmen put up bricks and mortar to repair the fence. Mrs. Fimbres was dissatisfied with the work and with a subsequent offer by Homecraft to construct wooden supporting posts. The Fimbres agreed to pay Homecraft $450 for work already performed, and collected $738.43 from their insurance company for the repair of the fence, with notice to the company that they would complete the work themselves.

When, after several notices, the bill has not been paid, Homecraft filed a mechanic's and materialman's lien on the Fimbres' residence on September 30, 1975. On November 8, 1975, appellees were served with summons and complaint. They did not retain counsel but went to the courthouse and filed an answer with the help of a court clerk. They felt that they had "taken care" of the matter. Thereafter, no appearances were made by appellees, a trial ensued, and judgment against them was entered on July 19, 1976 for the $450 debt, costs and interest.

On August 27, 1976, an execution sale of the Fimbres' residence took place. The Fimbres had paid approximately $25,000 for the house. There was testimony to the effect that neighborhood homes of like quality were selling for approximately $35,000 and that appellees' equity in the home was $10,000. Appellant Homecraft purchased the property for $623.38, including costs of sale and sheriff's commission. On April 1, 1977, appellee sought legal counsel for the first time and filed a motion for relief from judgment and a temporary restraining order which was granted after a full hearing on May 9, 1977. In the order of June 27, 1977, the trial court stated:

" * * *

"3. It is obvious from the record in this case that the Plaintiff Homecraft Corporation has followed the law in obtaining judgment and in proving their rights to the sale of said property. . .

* * * * * *

6. The case shows more than a mere inadequacy of a price paid at an execution sale. It shows that a $10,000.00 equity was foreclosed on the basis of a $600.00 judgment. This is a disparity of practically 16 to 1. This Court would deem that this is not a case of a mere inadequacy, but is such a disparity as to shock the conscience.

7. In addition thereto, the Court would feel that the parties in this case did not really stand on an equal footing. It is obvious that the Defendants Fimbres without the benefit of counsel had no real conception or understanding of the legal processes.

8. The Court feels that Section 12–341 can be invoked in this matter on trial and that if the Plaintiff is entitled to judgment on the complaint that it should be given leave to amend complaint, and the Court should determine whether or not justice would be better served under the original complaint in this action.
* * *"

Appellant argues first that the judgment should not have been set aside. We agree. The court granted appellees' motion for relief from judgment under Rule 60(c), Arizona Rules of Civil Procedure, which states:

"Mistake; inadvertence; surprise; excusable neglect; newly discovered evidence; fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifiying [sic] relief from the operation of the judgment. The motion shall be filed within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment or order was entered or proceeding was taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. . . ."

Had the motion been brought for excusable neglect under Rule 60(c)(1) it would have been untimely by 2½ months, having been filed 8½ months after judgment. However, this was not a default and appellees did not neglect to answer. Subparagraph 6 of the rule allows a judgment to be set aside for any other reason justifying relief from the operation of the judgment. The federal counterpart of this clause has been interpreted as being reserved for extraordinary cases, and if the facts are compelling enough, the courts will find that something more than one of the grounds stated in the first five clauses is present. 11 Federal Practice and Procedure, Sec. 2864. *Roll v. Janca,* 22 Ariz.App. 335, 337, 527 P.2d 294, 296 (1974) allowed relief from a default judgment under subparagraph 6 in a case where no summons and complaint had been actually received by appellant. The court was careful to note, however, ". . . that the broad power granted by Clause 6 is not for the purpose of relieving a party from free, calculated and deliberate choices he has made." And, that "[a] party has a duty to take legal steps to protect his own interests."

Appellees here chose to protect their own interests in their own way despite appellant's advice to obtain counsel. They received due notice as to each procedure undertaken through the court, and chose to "put aside" the papers as they were received. When one undertakes to represent himself he is entitled to no more consideration than if he had been represented by counsel. He is held to the same familiarity with required procedures and the same notice of statutes and local rules as would be attributed to a duly qualified member of the bar. *Bloch v. Bentfield,* 1 Ariz.App. 412, 403 P.2d 559 (1965); *Smith v. Rabb,* 95 Ariz. 49, 386 P.2d 649 (1963).

In *Batchelor v. Finn,* 169 Cal.App.2d 410, 341 P.2d 803 (1959) the court quoted from *People v. Morgan,* 140 Cal.App.2d 796, 296 P.2d 75 (1956):

" 'This case exemplifies the observation made by the court in *Monastero v. Los Angeles Transit Co.,* 131 Cal.App.2d 156, 162, 280 P.2d 187, 192: "Experience in trial of cases indicates that all too often litigants who appear in propria persona deliberately attempt to capitalize upon their own ignorance or appearance of ignorance." ' " 341 P.2d 813, note 3.

**302**

In *Viles v. Scofield,* 128 Colo. 185, 261 P.2d 148 (1953) the court stated:

> ". . . If a litigant, for whatever reason, sees fit to rely upon his own understanding of legal principles and the procedures involved in the courts, he must be prepared to accept the consequences of his mistakes and errors. . . ." 261 P.2d at 149.

As far as the law is concerned, the parties were on an equal footing and the trial court erred in finding otherwise.

 We cannot disagree with the trial court's conclusion that the execution sale of appellees' home should be set aside. An execution sale may be set aside in the court which issued the process or in an independent action in a court possessing equitable jurisdiction. *Nussbaumer v. Superior Court In and For the County of Yuma,* 107 Ariz. 504, 489 P.2d 843 (1971); 33 C.J.S. Execution Sec. 237, 238. As a result of the sheriff's sale, the appellant received $10,000 equity in property for which he paid $623.38. The general rule in Arizona dealing with vacation of execution sales because of inadequate bids is that mere inadequacy of price, where the parties stand on equal footing and no confidential relationship exists between them, is not in and of itself sufficient to authorize vacation of the sale unless the inadequacy is so gross as to be proof of fraud or shock the conscience of the court. *Wiesel v. Ashcraft,* 26 Ariz.App. 490, 549 P.2d 585 (1976); *McCoy v. Brooks,* 9 Ariz. 157, 80 P. 365 (1905). Nor were there irregularities of sale coupled with inadequacy of price as in *McCoy,* supra, and *Blasingame v. Wallace,* 32 Ariz. 580, 261 P. 42 (1927). However, the law allows the trial court to exercise discretion based on pertinent principles of law or equity applicable to the facts and circumstances of the case. *Wiesel,* supra.

In *Crossman v. Meek,* 27 Ariz.App. 477, 478, 556 P.2d 325, 326 (1976) we noted that the case at bench "represents one of those instances where the conscience of the court is shocked." There, as a result of a sheriff's sale, appellee, who had only a ½ interest in certain partitioned land, received $6,000 worth of property for $59 merely by bidding in the cost of the sale. In the case sub judice, appellant received a benefit sixteen times greater than its debt.

 Appellant has cited *Mason v. Wilson,* 116 Ariz. 255, 568 P.2d 1153 (App.1977) for the proposition that the trial court erred in setting aside the sale. We do not believe *Mason* governs the disposition of this case. It does not set a point at which the trial court's conscience is or is not to be shocked. *Mason* merely held that the trial court did not abuse its discretion in failing to set aside the sale. We are not able to gainsay the trial court's determination that the amount paid at the execution sale shocks the conscience of the court.

The order vacating the judgment is hereby set aside. The trial court's order setting aside the execution sale is affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.