**Jim Edward DIXON, Appellant (Defendant below),**

v.

**CITY OF WORLAND, a Municipal Corporation, Appellee (Plaintiff below).**

**No. 4976.**

Supreme Court of Wyoming.

May 17, 1979.

Jim E. Dixon, pro se.

Floyd D. Gorrell, Worland, for appellee.

Before RAPER, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired.*

McCLINTOCK, Justice.

Jim Edward Dixon was tried and orally convicted in the municipal court of the City of Worland of driving while under the influence of liquor. He appealed to the district court of Washakie County and the district judge addressed a letter to the parties saying that the "Court affirms the conviction." Dixon then appealed to this court, submitting the matter on written briefs without oral argument. We have examined the record and a majority of the court are of the opinion that it is entirely inadequate to justify exercise of appellate jurisdiction, either by the district court or this court. We therefore remand the case to the district court with directions to dismiss the appeal to that court.

Appellant elected to represent himself in the municipal court, the district court and this court. In doing so he is bound by the principle that

"* * * * When one undertakes to represent himself he is entitled to no more consideration than if he had been represented by counsel. He is held to the same familiarity with required procedures and the same notice of statutes and local rules

as would be attributed to a duly qualified member of the bar." *Homecraft Corporation v. Fimbres,* 119 Ariz. 299, 580 P.2d 760, 762 (1978).

As observed by the Supreme Court of Nebraska in *State v. Morford,* 192 Neb. 412, 222 N.W.2d 117, 118 (1974):

"* * * * One of the penalties of a defendant's self-representation is that he is bound by his own acts and conduct and held to his record."

This court said in *Suchta v. O. K. Rubber Welders, Inc.,* Wyo., 386 P.2d 931, 933 (1963) that one representing himself "must expect and receive the same treatment as if represented by an attorney."

We find the following omissions from the record:

1. The papers certified by the acting municipal judge of the City of Worland to the clerk of the district court of Washakie County, Wyoming do not include a form of judgment signed by the acting municipal judge as required by Rule 18(c), W.R.Cr.P.J.C. which provides in pertinent part:

"A judgment of conviction by court or jury shall set forth the plea, the verdict or findings, and the adjudication and sentence. * * * The judgment shall be signed by the justice and entered into his docket and a copy thereof delivered to the defendant if requested by him."

and which rule is made applicable to proceedings in municipal courts by Rule 1(a)(2), W.R.Cr.P.J.C. providing as follows:

"These rules shall also apply to police justice proceedings relating to trial of offenses against the ordinances of cities and towns."

2. The papers so certified by the acting municipal judge of the City of Worland do not show the dates of filing

* At the time of oral argument Guthrie, J. was Chief Justice. He retired from the court on December 31, 1978. By order of the court, entered January 1, 1979, he has been retained in active judicial service pursuant to § 5, Art. V, Wyoming Constitution and § 5-1-106(f), W.S.1977, and has continued to participate in the decision and opinion of the court in this case.

therein of the documents so mentioned, particularly a document entitled "NOTICE OF APPEAL TO THE DISTRICT COURT," bearing signature "Jim Edward Dixon," dated February 15, 1978, and bearing filing date in the district court of March 21, 1978.

3. The last-mentioned document contains no endorsement thereon, nor is it otherwise shown that service of such notice was made upon the City of Worland, through its city attorney or otherwise, whether by the defendant himself or by the clerk or other official of the municipal court of the City of Worland, such service being required by Rule 23(b), W.R.Cr.P.J.C. providing in pertinent part as follows:

"In all appeals the defendant shall, within ten days after entry of the judgment, file written notice of appeal with the justice, * * * and serve a copy of the notice of appeal upon the appellee."

4. The record on appeal contains a document entitled "NOTICE OF APPEAL TO THE SUPREME COURT OF THE STATE OF WYOMING" which bears filing date in the district court of May 1, 1978, but contains no endorsement thereon nor is it otherwise shown that service of such notice was made upon the City of Worland, through its city attorney or otherwise, whether by the defendant himself or by the clerk of the district court, such service being required by then applicable Rule 73(a), W.R.C.P. providing in pertinent part as follows:

"An appeal permitted by law from a district court to the supreme court shall be taken by filing a notice of appeal with the district court within thirty days from the entry of the judgment or final order appealed from and serving the same in accordance with the provisions of Rule 5 * * *."

This court has consistently held that compliance with rules promulgated by this court is required and we have regularly invoked the sanction of dismissal for failure of the appellant to comply therewith. *Sun Land & Cattle Co. v. Brown*, Wyo., 387 P.2d 1004 (1964); *Bowman v. Worland School District*, Wyo., 531 P.2d 889 (1975); *Jackson v. State*, Wyo., 547 P.2d 1203 (1976); *Norton v. City of Lander* (no opinion issued or reported, but being our No. 4741; order of dismissal March 9, 1978). In the first two cases cited the notice of appeal was filed one day late; in the last two the notice of appeal was served before a written judgment was entered.

Notwithstanding the fact that Rule 73(a) appears to consider as jurisdictional only the timely filing of the notice of appeal, we have in several other instances ordered dismissal of the appeal as the appropriate remedy for failure to comply with the direction of a rule. In *Mayland v. State*, Wyo., 568 P.2d 897 (1977), the notice of appeal from conviction in justice of the peace court to the district court did not "state with particularity the alleged errors of the justice or other grounds relied upon for appeal," as directed by Rule 23(c), W.R.Cr.P.J.C. Unlike Rule 23(b), which provides that failure to file timely notice of appeal shall be deemed a waiver of the right to appeal, subsection (c) provides no express penalty or sanction. A motion to dismiss for want of a proper statement of reasons was filed with but ignored by the district court which affirmed the ruling of the justice court. Although neither of the parties mentioned this matter in their briefs in this court, we declined to consider the appeal and remanded the case to the district court with instructions to dismiss the appeal and reinstate the judgments of the justice court.

Of equal pertinence to this case is *Wyoming State Treasurer ex rel. Workmen's Compensation Department v. Niezwaag*, Wyo., 444 P.2d 327, 328 (1968) where this court upon its own motion dismissed an appeal from a compensation award made by the district court. We there held that we were "duty bound to inquire into the matter and dismiss the appeal if the record discloses a want of such jurisdiction." The fatal defect in the proceedings was the lack of a formal judgment, the appellant having filed his notice of appeal after the district

court had issued a memorandum opinion. We thereby held that the existence of a formal judgment is a *sine qua non* to the existence of a valid appeal. The dismissal in *Norton,* supra, is consistent with this view since the matter was first remanded to the district court to determine if the record in the case could be corrected. The district court held that the justice docket entry, made before the notice of appeal was filed, could not be considered as a judgment, and only the formal judgment, entered after appellant had filed his notice of appeal, could be considered. We thereupon dismissed the appeal for want of a timely notice.

In other recent but unreported cases we have without opinion and upon our own motion dismissed appeals for omissions other than failing timely to file the notice of appeal: No. 5032, *Tanner v. Burlington Northern, Inc.* (order January 24, 1979, denying motion for extension of time in which to file brief, the motion having been filed after the time for filing the same had expired, and dismissing the appeal); No. 5039, *Beaudoin v. State Fire and Casualty Company* (order January 19, 1979, dismissing appeal for failure to file briefs); No. 4832, *Cotton v. State* (order December 16, 1977, dismissing appeal for failure of brief to comply with provisions of Rule 12 of the Rules of the Supreme Court of Wyoming).

A majority of the court believe that *Jackson v. State,* supra, is direct authority of this court requiring dismissal of the appeal. The district judge in that case had on December 13, 1974 orally announced his decision reaffirming a prior decision which had been reversed and remanded for further trial-court proceedings. See *Jackson v. State,* Wyo., 522 P.2d 1286 (1974). A written order was then signed on December 23, substantially in keeping with the judge's expressions from the bench. Notice of appeal was filed December 13, appealing from "final judgment" entered December 13. We held that there was no entry of judgment until December 23 and that the notice filed on December 13 was therefore premature.

"We said in *Culbertson v. Ainsworth,* 26 Wyo. 214, at pages 215 and 216, 181 P. 418 at page 418 [(1919)], and *Hahn,* supra [*Hahn v. Citizens' State Bank,* 25 Wyo. 467, 171 P. 889, reh. denied 172 P. 705 (1918)]:

"'. . . [A] notice of appeal served and filed before the judgment appealed from was entered was premature and ineffective to bring the case here for review . . .'" 547 P.2d at 1206.

The significance of these dismissals is that unless a judgment has been entered, whether in the district or minor court, there is nothing to appeal from. We have held that a written judgment of the district court is an essential prerequisite to a valid appeal to this court. Rule 18(c), W.R.Cr.P. J.C. is positive in its direction that a written judgment be entered in the municipal court. We cannot with reason say that it is essential in the district court but not in the minor court. We said in *Mayland v. State,* supra, 568 P.2d at 899 that "[r]easonable adherence to the rules of the court is necessary to the proper administration of justice."

The case is remanded to the district court with directions to dismiss the appeal.

RAPER, Chief Justice, dissenting.

I dissent.

The majority has unnecessarily burdened the judicial system searching for error over which the interested litigants have expressed no concern.

There is nothing in the record to indicate that the formal judgments are not present in the files of the municipal and district courts and the appeals not timely taken. This court has repeatedly said that it will not consider an appeal matter upon which the record is silent. *Elmer v. State,* Wyo. 1970, 466 P.2d 375, cert. den. 400 U.S. 845, 91 S.Ct. 90, 27 L.Ed.2d 82; *Mountain Fuel Supply Company v. Emerson,* Wyo. 1978, 578 P.2d 1351. An appellate court cannot be expected to prosecute an independent investigation looking for errors upon which a party may possibly rely. This court ought not to be called upon to do the work the

parties are requested to do. *Wyuta Cattle Co. v. Connell*, 1931, 43 Wyo. 135, 155, 299 P. 279, reh. den. 3 P.2d 101. We cannot assume that there was error on the basis of something not appearing in the record.

*If* the record *discloses* a want of jurisdiction, even though the parties have not raised the question, the court is duty bound to dismiss the appeal, *Wyoming State Treasurer, ex rel. Workmen's Compensation Department v. Niezwaag*, Wyo. 1968, 444 P.2d 327. But the record here does not disclose a want of jurisdiction. It is mute in that regard.

There is a presumption of the regularity of proceedings in such a case. Ordinarily it will be presumed that all steps necessary to bring the case into the appellate court were regularly and properly taken. 24A C.J.S. Criminal Law §§ 1849–1860; ☞1144, Criminal Law, West's Digest System. The record is adequate for the purposes of this appeal. We could add to the above an ancient equitable axiom: That is considered done which should have been done.

The majority chooses to overlook the proposition that we are in this case dealing with the district court as an intermediate court of appeals. This court, in *Hudson Coal Company v. Hauf*, 1910, 18 Wyo. 425, 109 P. 21, established the rule that where a case is taken to an intermediate appellate court and judgment is affirmed and the case is then taken to a court of last resort, the only questions that can be considered are those presented to the intermediate appellate court, "[t]hat is, the Supreme Court will only determine whether or not the intermediate appellate court erred in its decision on the record presented to it." See also, ☞1082(2), Appeal and Error, West's Digest System. Neither the city attorney nor the defendant nor the court raised any question other than whether or not the defendant was entitled to a trial by jury. The recorder tape, by which the proceedings in the municipal court were kept, clearly shows that the municipal judge found defendant guilty and fined him $100. Additionally the electronic tape discloses that the defendant was required to post an appeal bond—"a hundred dollars in cash and that will be paid at the police window." The city attorney raised no question with respect to service of a notice of appeal and the district judge was apparently satisfied with what he had before him in order to reach the only issue to be decided. This court has no business worrying about that question if it was not raised in and considered by the district court. *Redman v. Union Pacific Ry. Co.*, 1892, 3 Wyo. 678, 29 P. 88.

It is obvious that the city attorney appeared in the district court and made a timely filing of a brief in this court, so he must have had notice of some sort. The purpose of notice is to permit a party to be heard. The city makes no complaint that it had no timely notice or was denied an opportunity to be heard. It concerns me that this court should concern itself about such de minimus matters.

If upon remand it should be disclosed that there is no formal judgment and sentence of the municipal judge and there is no formal judgment of the district court to carry out its decision to affirm the judgment of the municipal judge and correction is made by preparation of such judgments, as I understand the majority's decision to mean, the defendant's interests must likewise be protected and he must be permitted to file timely notices of appeal to those new documents. He should not be led into a trap of premature notice of appeal which could well be created by the principles of *Jackson v. State*, Wyo. 1976, 547 P.2d 1203. If the judgments are already existing and present but not forwarded, then we must, of course, consider them with respect to the notices of appeal in the light of our precedent.

I would have considered the appeal on its merits and decided the only important question disclosed: Was the defendant entitled to a jury trial in the municipal court? It certainly cannot be said that the defendant has waived his fundamental rights to a jury trial and appeal because the administrators of the courts have failed to execute and include documents in a record. Waiver of a

fundamental right cannot be assumed from a silent record. *Barker v. Wingo*, 1972, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101.

ROSE, Justice, dissenting.

I dissent to the dismissal of this appeal. While I have no disagreement with any of the rules of law set forth in the majority's opinion, I fail to see their applicability to this case. At most, I would have remanded the case to the district court for a determination as to whether anything material has been omitted from the record by accident or error. As the record now stands, we have no way of knowing—one way or the other—whether this court lacks jurisdiction.

The majority finds direct support for this dismissal in *Jackson v. State*, Wyo., 522 P.2d 1286 (1974). Yet, there is a major distinction between *Jackson* and the present case, which the majority ignores. In *Jackson*, there *was* a judgment in the record, which was filed after the filing of a notice of appeal. Under our then-existing rules, the record clearly showed a jurisdictional defect and we, therefore, dismissed the case. Here, the record is silent as to whether the municipal court entered a written judgment and sentence into its docket—as required by Rule 18(c), W.R.Cr.P.J.C. Like *Jackson*, our unpublished order in *Norton v. City of Worland* (No. 4741, decided March 9, 1978) premised an ultimate dismissal on a record that clearly showed a municipal court judgment that was entered after the defendant filed his notice. But, at least, in *Norton* we remanded the case to see if the record could be corrected before we determined that the appeal should be dismissed. Rule 4.04, W.R.A.P.,[1] provides us with the authority to pursue in the present case the course taken in *Norton*. I simply do not

understand how the majority can justify the inconsistent, and wholly unnecessary, approach it now embraces.

Second, the majority appears somewhat concerned that the defendant's notice of appeal to the district court does not bear a date of filing in the municipal court—although it does not clearly hold that this, in itself, would warrant a dismissal. If the majority is implying that this defect is fatal in this case, I must disagree. Again, at most, this defect in the record would justify a remand for further inquiry as to the correctness of the record. Rule 23(b), W.R. Cr.P.J.C., requires the filing of a notice of appeal with the municipal court judge within ten days after entry of judgment. The absence of a stamped filing date on said notice of appeal is of little significance when it is realized that the date of said filing must also be entered on forms supplied by this court to the municipal courts. See, Rule 25(a), W.R.Cr.P.J.C., and the Criminal Docket form contained in an appendix thereto. Assuming the municipal court judge has followed the rules, I would be hard-pressed to hold this against the defendant in this case. Finally, there is no question but that the municipal court judge was served with the defendant's notice of appeal, since the judge forwarded it, along with the rest of the record, to the district court. The only question is when it was served.

Third, a majority notes several problems regarding service. I do not regard—and I do not read the majority opinion as regarding—these defects troublesome in cases where the opposing party does not raise a concern relating thereto.

Certainly, orderly judicial administration demands compliance with procedural rules.[2] This is particularly true when the question

---

1. Rule 4.04, W.R.A.P., provides:

   "If any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the supreme court,

or the supreme court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the supreme court by motion."

2. I take issue with the majority as to any comparability between the cases cited in the majority opinion and the present case. I am particu-

of compliance concerns the jurisdiction of this or any other court to entertain an appeal. However, before dismissing an appeal on jurisdictional grounds, there must be a clear basis for doing so. See, *Downs v. State*, Wyo., 581 P.2d 610 (1978). In the present case, there is no such clarity. Unless we are to return to the inflexible and unnecessarily harsh days of code-pleading, I

consider the majority's disposition of this case wholly unsupported by law or reason.

larly concerned with the court's representation of the case of *Mayland v. State*, Wyo., 568 P.2d 897 (1977). The violation of a mandatory requirement to state the grounds for an appeal *from a justice of peace conviction was raised, in Mayland,* by the State through a motion to dismiss, which was ignored by the district court, and again in the *State's brief to this*

court. In addition, the failure to state such grounds was found to materially affect the ability of this court to consider only those issues which were raised below. The majority's account of *Mayland* is, therefore, not only inaccurate; it is wholly inapplicable to the case at hand.