STATE OF NEBRASKA, APPELLEE, v. RONALD R. SOESTER, APPELLANT.

259 N. W. 2d 921

Filed November 23, 1977. No. 41388.

RONALD R. SOESTER, pro se.

Paul L. Douglas, Attorney General, and Patrict T. O'Brien, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

The defendant was convicted in county court of willful failure to file a personal property tax return in violation of section 77-1232, R. R. S. 1943, and was fined $500. Upon appeal to the District Court the judgment was affirmed. The defendant has now appealed to this court and contends the judgment should be reversed because he was denied a trial before a 12-member jury in the county court, the county court refused to instruct the jury that it should determine both the law and the facts, and his refusal to file the return was based upon a claim made in good faith that the return would tend to incriminate him.

The statutory penalty for willful failure to file a personal property tax return is a fine of from $50 to $500. § 77-1232, R. R. S. 1943. The offense charged was a petit offense and there was no constitutional right to a trial by a jury of 12 members. See State v. Young, 194 Neb. 544, 234 N. W. 2d 196. The defendant was tried before a 6-member jury as authorized by section 24-536, R. R. S. 1943.

The defendant's request that the jury be instructed it was the sole judge of both the law and the facts was properly refused. See Parrish v. State, 14 Neb. 60, 15 N. W. 357.

The principal question in this case is whether the constitutional privilege against compulsory self-incrimination excused the defendant's refusal to list the personal property which he owned which was subject to taxation. The defendant did file a return listing his name, address, and social security number but which listed no property. The return stated either that the defendant had no property of a particular kind or that he objected on grounds of self-incrimination.

The cases which have considered this question hold generally that a refusal to make any disclosure on a tax return constitutes a complete failure to file a return and that the privilege against compulsory

self-incrimination is no defense against a complete failure to file a return. See, United States v. Sullivan, 274 U. S. 259, 47 S. Ct. 607, 71 L. Ed. 1037; United States v. Jordan, 508 F. 2d 750; United States v. Daly, 481 F. 2d 28.

It is generally held that if the form of a return calls for answers that the taxpayer is privileged from making he may raise the objection in the return but can not on that account refuse to make any return at all. As stated by Mr. Justice Holmes in the Sullivan case, he can not "draw a conjurer's circle around the whole matter by his own declaration that to write any word upon the government blank would bring him into danger of the law."

There was no showing in this case as to how a disclosure of the personal property owned by the defendant on the taxing date would have incriminated him and it is not clear to us on what basis the defendant claimed the privilege. There must be some reasonable showing by the taxpayer as to how the disclosure could possibly incriminate him. United States v. Daly, *supra*. The taxpayer is not the final arbiter of the privilege and a claim of privilege as to a particular question must be submitted to the court for determination as to the validity of the claim. Heligman v. United States, 407 F. 2d 448.

Our tax system is to a large extent predicated upon a voluntary disclosure of property or income by the taxpayer. The public need for requiring voluntary disclosure of property or income transcends any personal right to avoid compliance with the tax laws by an undisclosed self-determination of possible incrimination.

The judgment of the District Court is affirmed.

AFFIRMED.