**Joan McCARTHY et al., Plaintiffs,**

v.

**Robert E. BURKHOLDER, Individually and as Superintendent of Buhler Unified School District No. 313, et al., Defendants.**

**Civ. A. No. 75–136–C6.**

United States District Court, D. Kansas.

Feb. 2, 1978.

E. L. Kinch, of Ratner, Mattox, Ratner, Ratner & Barnes, Wichita, Kan., for plaintiffs.

Gerrit H. Wormhoudt of Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., and Fred W. Rausch, Jr., Topeka, Kan., for Kansas Assoc. of School Boards.

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

### WESLEY E. BROWN, Chief Judge.

This action was filed in June, 1975, for the purpose of challenging maternity leave policies which allegedly prevailed in various school districts in the State of Kansas.

It has been stipulated that plaintiff Joan McCarthy, while employed as a mathematics instructor at the Union Valley Junior High School in Hutchinson, Kansas, was twice denied accrued sick leave benefits in connection with two maternity leaves of absence granted by Buhler Unified School District No. 313 during 1974 and 1975. Written policy provisions of District No. 313 provided for paid sick leave, but excluded maternity leaves, which were to be taken without pay. (Dkt. 46)[1]

Plaintiff contended that defendants' policies regarding maternity leave constituted unlawful sex discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000e et seq.), Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681 et seq.), the Civil Rights Act of 1871 (42 U.S.C.A. § 1983), and denial of equal protection and due process accorded by the Constitution.

On April 19, 1977, and upon Motion of defendants, the Court dismissed all claims made under the Constitution, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Dkt. 54), in accordance with recent Supreme Court rulings made in *General Electric Co. v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976) and *Geduldig v. Aiello*, 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974). The Motion to Dismiss claims based upon Title IX, 20 U.S.C. § 1681 was overruled upon the ground that Title IX, which prohibits *sexual* discrimination in education carries an implied right to a private cause of action similar to that found in Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d through 2000d–2, which prohibits *racial* discrimination in education.

Now before the Court is defendants' Motion to Reconsider the holding that Title IX provides plaintiff with a private cause of action in this case in view of the decision in *Romeo Community Schools v. U. S. Department of Health*, 438 F.Supp. 1021 (E.D. Mich.1977). The parties have extensively briefed the question, and in addition, at the request of the Court, extensive data has been submitted pertaining to the nature and extent of federal aid provided to defendant Unified School District No. 313.

After full consideration of the question of plaintiff's *standing* in this particular case, and in light of the relief sought by plaintiff, the Court determines, pursuant to Rule 12(b)(6) that plaintiff has failed to state a

---

1. Plaintiff was on unpaid maternity leave from February 11, 1974 to April 16, 1974. At this time she was eligible for 36 days of paid sick leave of the value of $1,675.08.

Plaintiff was on unpaid maternity leave from August 22, 1975 to October 27, 1975. It has been stipulated that at that time "she was eligible for the maximum number of sick leave days provided for by the defendant Board's policy."

claim upon which relief can be granted and that the action should therefore be dismissed.

The Court will briefly review the protections and sanctions provided by Title IX prohibiting sexual discrimination in educational programs. Title 20, U.S.C. § 1681 provides in pertinent part that:

"(a) No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ."

Section 1682 of Title 20 provides for federal administrative enforcement by federal departments and agencies extending Federal financial assistance to any education program, by issuance of rules, regulations, or orders of general applicability "which shall be consistent with achievement of the objectives of the statute authorizing the financial assistance . . . ." Sanctions for non-compliance with applicable regulations are specifically set out in § 1682:

". . . Compliance with any requirement adopted pursuant to this action may be effected (1) by the termination of or refusal to grant or to continue assistance under such program or activity to any recipient as to whom there has been an express finding on the record, after opportunity for hearing, of a failure to comply with such requirement, but such termination or refusal shall be limited to the . . . recipient . . . and shall be limited in its effect to the particular program, or part thereof, in which such noncompliance has been so found, or (2) by any other means authorized by law . . . ."

Section 1683 of Title 20 provides for judicial review of agency action taken under § 1682.

Under § 1682, the Secretary of Health, Education and Welfare has adopted certain regulations, in particular 45 C.F.R. § 86.-57(c), requiring educational institutions receiving federal funds to treat pregnancy as any other temporary disability:

"A recipient (of federal funds) shall treat pregnancy, childbirth, false pregnancy, termination of pregnancy, and recovery therefrom and any temporary disability resulting therefrom as any other temporary disability for all job related purposes, including commencement, duration and extensions of leave, payment of disability income, accrual of seniority and any other benefit or service, and reinstatement, and under any fringe benefit offered to employees by virtue of employment."

The Court is of the opinion, and so finds, that plaintiff has failed to state a claim upon which relief can be granted under Title IX, 20 U.S.C. § 1681.

In the first place, plaintiff in this action has failed to join the United States Department of Health, Education and Welfare, and its Secretary, as a defendant in this action. There is no claim made that federal financial assistance should be terminated as to Unified School District No. 313. This is the only sanction for enforcement of the Regulation upon which plaintiff depends.

Instead, plaintiff McCarthy seeks damages by way of restitution, a form of relief not covered by the provisions of Title IX.

In addition, the Court's attention has been directed to *Romeo Community Schools v. U. S. Dept. of Health* (E.D.Mich.1977) 438 F.Supp. 1021, an action for declaratory judgment and permanent injunction brought under the Administrative Procedures Act by the plaintiff school district, against defendant Department of Health, Education and Welfare, for the purpose of enjoining enforcement of Subpart E., Regulations, 45 C.F.R. § 86.51 et seq. regulating *employment* practices of recipients of federal funds. The focus point of the case was the validity of the precise Regulation at issue here—45 C.F.R. § 86.57, which requires all federally assisted schools to treat pregnancy as a sickness or disability for purposes of leave and compensation benefits.

On April 7, 1977 Judge Feikens filed his opinion, finding that HEW regulations governing *employment* relationships in federal-

ly funded institutions were not authorized by § 1681, and ordered that judgment be entered declaring the regulations contained in Subpart E, 45 C.F.R. § 86.51, et seq. *invalid and of no legal force and effect.*[2]

It is likewise clear that, as to this plaintiff, Joan McCarthy, and as to the allegations of her amended complaint, Congress has specifically provided a remedy for any meritorious allegation of sexual discrimination in her employment through the framework of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

Section 2000e–2 provides that no employer may discriminate against any individual with respect to his "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, *sex,* or national origin;" (emphasis supplied.).

While educational institutions were originally exempted from coverage under Title VII, this exemption was deleted, effective March 24, 1972 by § 3 of the Equal Employment Opportunity Act of 1972, Pub.L. No. 92–261. See 42 U.S.C. § 2000e–1 (Supp. II 1972); *Weise v. Syracuse University,* 522 F.2d 397, 409 (2nd Cir. 1975).

As was pointed out in the *Romeo Community Schools* case, *supra* 438 F.Supp. at 1034, Congress has established the Equal Employment Opportunity Commission for the specific purpose of regulating discrimination in employment practices, including discrimination in educational employment. With reference to the specific complaint of this plaintiff, Joan McCarthy, the Supreme Court of the United States has determined that her claim regarding non-payment of maternity disability payments is not a *form* of sexual discrimination forbidden by Title

VII. *General Electric Company v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976).[3]

The question of whether or not the Department of Health, Education and Welfare may, or may not choose to withhold federal funds from Unified School District No. 313, for the purpose of enforcing Subpart E of Regulations, 45 C.F.R. 86.51 et seq. (which have been declared invalid and of no force and effect by the judgment of a federal district court), is simply irrelevant to, and beyond the scope of the issues raised in plaintiff's amended complaint.

For the foregoing reasons, the Court determines that plaintiff has failed to state a claim upon which relief can be granted under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., and that such claim should be dismissed. Accordingly,

IT IS ORDERED that defendants' Motion to Reconsider and to Dismiss be, and it is hereby Sustained; and

IT IS FURTHER ORDERED that plaintiff's complaint be, and it is hereby Dismissed for failure to state a claim upon which relief can be granted.

---

2. In *Romeo* the Court found that Title IX served as a prohibition only as to sex discrimination against *students* by federally funded educational institutions. This finding was based upon legislative history, the specific prohibitory language of § 1681 itself, the series of exclusions, all of which were "student-oriented"— the limitation of enforcement sanctions to termination of aid, and the separate provisions of law which prohibited sex discrimination in employment, enforced by the EEOC (Title VII, 42 U.S.C.A. § 2000e) and the "Equal Pay Act" (29 U.S.C.A. § 206(d)(1)) (enforced by the Secretary of Labor).

3. See also, *Nashville Gas Co. v. Satty,* 434 U.S. 136, 98 S.Ct. 347, 54 L.Ed.2d 356 (1977); *Richmond Unified School District et al., v. Sonja Lynn Berg, Etc.,* 434 U.S. 158, 98 S.Ct. 623, 54 L.Ed.2d 375 (1977).