STATE OF NEBRASKA, APPELLEE, V. ROBERT E. SPURGEON, APPELLANT.

265 N. W. 2d 224

Filed April 26, 1978. No. 41702.

Robert E. Spurgeon, pro se.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

Defendant was charged with willful and unlawful failure to file a valid tax return. A jury trial was had and the defendant was found guilty. The defendant was fined $300 by the county court and sentenced to 30 days' imprisonment in the county jail. Defendant appealed to the District Court which affirmed the judgment and sentence of the county court. Defendant appeals to this court. We affirm the judgment and sentence of the District Court.

Defendant raises four contentions on appeal: (1) That the prosecuting attorney made certain remarks during the trial which were prejudicial and denied him a fair trial; (2) that his constitutional rights were violated when the trial court denied his motion for a 12-member jury; (3) that his constitutional rights were violated when the trial court denied him assistance of lay counsel; and (4) that his conviction is unlawful. We shall address each contention in order.

We have carefully examined the record regarding defendant's first contention and fail to find the remarks allegedly made by the prosecuting attorney of which defendant complains. In his brief, defendant indicates that these alleged remarks took place during final arguments. The final arguments are omitted from the bill of exceptions. We have repeatedly held that a bill of exceptions is the only vehicle for bringing evidence before this court. Hanson v. Hanson, 198 Neb. 675, 254 N. W. 2d 699 (1977). Evidence which does not appear in the record cannot be considered by this court on appeal. Schetzer v. Sullivan, 193 Neb. 841, 229 N. W. 2d 550 (1975). Since the allegedly prejudicial remarks of the prosecuting attorney do not appear in the bill of exceptions we are precluded from considering this assigned error.

The next contention by the defendant is that his rights were violated when his motion for trial by a 12-member jury was denied. Defendant was charged under section 77-27,115, R. R. S. 1943, which provides for a fine of not more than $300, or imprisonment of not more than 6 months, or both. In State v. Soester, 199 Neb. 477, 259 N. W. 2d 921 (1977), the defendant was convicted of failure to file a personal property tax return. On appeal the defendant contended that his conviction should be reversed because he was denied a trial before a 12-member jury in the county court. We held: "The offense charged was a petit offense and there was no constitutional right to a trial by a jury of 12 members. See State v. Young, 194 Neb. 544, 234 N. W. 2d 196. The defendant was tried before a 6-member jury as authorized by section 24-536, R. R. S. 1943."

Defendant was charged with a petit offense. See Codispoti v. Pennsylvania, 418 U. S. 506, 94 S. Ct. 2687, 41 L. Ed. 2d 912 (1974). There was no violation of his constitutional rights by the trial court when it denied his request for trial by a 12-member jury. Defendant's contention is without merit.

Defendant next argues that his constitutional rights were violated when he was denied the assistance of lay counsel. Prior to the commencement of his trial, defendant sought to be represented by a Lowell Anderson, a person not licensed as an attorney in the State of Nebraska nor anywhere else. The District Court denied defendant's motion to be represented by Mr. Anderson. Following the denial of this motion, defendant requested that Mr. Anderson be permitted to sit next to him during the trial in the capacity of "clerical assistant." This request was also denied.

In United States v. Cooper, 493 F. 2d 473 (5th Cir., 1974), cert. den. 419 U. S. 859, 95 S. Ct. 108, 42 L. Ed. 2d 93 (1974), the court stated: "There is no colorable merit in the proposition that a criminal defend-

ant * * * is constitutionally vested with the right of assistance or representation by a lay person." See, also, United States v. Whitesel, 543 F. 2d 1176 (6th Cir., 1976), and cases cited therein. Defendant possessed no constitutional right to be represented by Mr. Anderson at his trial, and there is no error in this regard.

Defendant's last contention is, in effect, that his conviction is contrary to law. Section 77-27,115, R. R. S. 1943, provides for the punishment of "Any person required * * * to pay any income tax or * * * to make a return * * * who willfully fails to pay such tax or * * * make such return * * *." On his 1975 Nebraska income tax return, the State's exhibit 1, the defendant objected to all information called for except for his name, address, town, zip code, and Social Security number. Attached was a document in which the defendant explained the grounds for his objections. Defendant argues that his actions above constitute the filing of a return and he cannot thus be convicted of failure to file a return.

In United States v. Daly, 481 F. 2d 28 (8th Cir., 1973), the defendant was convicted of willfully failing to file an income tax return in violation of Title 26 U. S. C. A., section 7203. Defendant filed a tax return on which he supplied his name, address, occupation, and signature. Attached thereto was a document detailing his objections to the income tax law. On appeal the defendant contended that his filing of returns containing no information relating to income or expenses was sufficient to comply with the requirements of section 7203 that he "make a return." The court rejected this contention, citing United States v. Porth, 426 F. 2d 519 (10th Cir., 1970): "A taxpayer's return which does not contain any information relating to the taxpayer's income from which the tax can be computed is not a return within the meaning of the Internal Revenue Code or the regulations adopted by the Commissioner." De-

fendant's argument is without merit.

Defendant also contends that his conviction is erroneous because his failure to provide any information, other than that indicated previously, was based upon a good faith claim of his privilege against self-incrimination under the Fifth Amendment to the United States Constitution. A similar contention was made by the defendant in State v. Soester, *supra*. We held: "It is generally held that if the form of a return calls for answers that the taxpayer is privileged from making he may raise the objection in the return but cannot on that account refuse to make any return at all. * * * There was no showing in this case as to how a disclosure of the personal property owned by the defendant on the taxing date would have incriminated him and it is not clear to us on what basis the defendant claimed the privilege. There must be some reasonable showing by the taxpayer as to how the disclosure could possibly incriminate him."

There is a total failure on defendant's part to show how disclosure on the return would or could possibly incriminate him. This contention is devoid of merit.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.