STATE OF NEBRASKA, APPELLEE, V. WILLIAM L.
BRASHEAR, APPELLANT.

270 N. W. 2d 924

Filed October 25, 1978. No. 41943.

William L. Brashear, pro se.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

SPENCER, C. J., Pro Tem.

Defendant was charged in county court with willful and unlawful failure to file a valid Nebraska state income tax return. A six-man jury found the defendant guilty. His conviction was affirmed on appeal to the District Court and he prosecutes this appeal. We affirm.

Defendant filed a tax return for 1975 in which he entered his name, address, and a statement that his income was under $740. On appeal to this court, defendant assigns four errors, as follows:

"1. Improper statements by the judge at the jury selection did unduly influence and prejudice the jury, and constitute fundamental and reversible error.

"2. The defendant in a criminal case cannot be denied lay counsel and still be considered to have

had 'assistance of counsel' as guaranteed by the Sixth Amendment to the United States Constitution, nor can a defendant be denied the common law right to plead by proxy.

"3. Claiming the Fifth Amendment on a tax return in good faith cannot constitute a 'crime'.

"4. The State of Nebraska cannot deny a defendant a twelve (12) man jury which is guaranteed by the Federal Constitution."

Defendant's second, third, and fourth assignments of error have been passed on and adequately answered by this court in State v. Soester, 199 Neb. 477, 259 N. W. 2d 921 (1977), and State v. Spurgeon, 200 Neb. 719, 265 N. W. 2d 224 (1978). These assignments are without merit.

Defendant's remaining assignment of error refers to the following statement made by the trial judge in selecting and empaneling the jury on voir dire for this case: "William L. Brashear has been charged in this case with the filing of a false and fictitious Nebraska State income tax return. In other words, it might be commonly referred to as income tax evasion. Does anyone know anything about this particular case at all?"

Initially, defendant was in fact charged with evading income tax. Subsequently, that charge was amended to failure to file a valid Nebraska state income tax return. While it is clear the judge did erroneously state the charge at the time of the selection of the jury, we can see no prejudice arising by virtue of this misstatement. The jury was selected on July 11, 1977, by one county judge, and the case was tried on July 19, 1977, by another county judge.

The question was designed merely to elicit from the jurors a response regarding their knowledge of this particular case. The trial itself, the instructions given by the court at the trial, and the complaint upon which the case was tried made the nature of the offense clear to the jury. The defendant was not

misled. He called attention to the fact that he had not yet been arraigned on the amended charge.

The momentary misstatement of the nature of the charge a week before the actual trial could not possibly have been prejudicial herein. The remark expressed no opinion of any nature but merely stated a specific charge to elicit any knowledge the jury might have of the case. It was an inadvertent misstatement, which in no way was calculated to influence the jurors. On the record it could not possibly have had any prejudicial effect.

In any event, the defendant made no objections to the statement at the time it was made. Nor, did he assign it as error in his motion for a new trial. The defendant by electing to act as his own counsel after the refusal of the court to permit lay counsel to appear for him must be held responsible for his ineptness of counsel even though that counsel was himself. See State v. Morford, 192 Neb. 412, 222 N. W. 2d 117 (1974). A party who does not object to a misstatement when made and who does not assign the alleged error in a motion for new trial cannot be heard here on possible prejudice of that misstatement.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.