STATE OF NEBRASKA, APPELLEE, v. JOE O. BAKER, APPELLANT.

270 N. W. 2d 922

Filed October 25, 1978. No. 41942.

Joe O. Baker, pro se.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

WHITE, J.

The defendant was charged in the county court of Scotts Bluff County for a violation of section 77-2701 et seq., R. R. S. 1943, of willfully failing to make a valid income tax return to the State of Nebraska. On the return form provided by the Department of Revenue, he had entered his name, address, and a claim for a refund of food sales tax and tax withheld. In response to all other inquiries on the form, he had entered the words "I object" and attached an explanation that this meant he was asserting a Fifth Amendment privilege not to disclose the requested information. A jury of six persons found the defendant guilty of the offense charged. The defendant appealed to the District Court for Scotts Bluff County and the conviction was affirmed.

On appeal to this court, defendant assigns four errors: (1) That the defendant was denied lay counsel guaranteed by the Sixth Amendment to the United States Constitution; there is no contention by the defendant that he was indigent or unable to afford counsel, simply that lay counsel should be allowed to represent him; (2) that "Claiming the Fifth Amendment on a tax return in good faith cannot constitute a 'crime' "; (3) that defendant was denied a jury of 12 persons as guaranteed by the Sixth Amendment to the United States Constitution; and (4) that

defendant was prejudiced by remarks of the prosecuting attorney in closing arguments to the jury.

Each of the first three assignments of error have been passed on by this court, most recently in State v. Spurgeon, 200 Neb. 719, 265 N. W. 2d 224 (1978). Defendant's assignments are without merit.

The remaining assignment of error relates to the county attorney's statement to the jury on final argument as follows: "He elected to stand pat. He says, 'I can interpret the constitution so that I don't have to comply with the tax laws', and what, if that reasoning is followed, will it do to government? It will make it possible for a group of people within this country to get together and just refuse to pay taxes and they can destroy the government." The bill of exceptions does not note any contemporaneous objection to the remarks of the county attorney. Ordinarily, a party who does not object to an argument of the prosecutor which is alleged to constitute misconduct will be held to have waived his rights to complain. See State v. Boss, 195 Neb. 467, 238 N. W. 2d 639. The defendant, who, by his own assertion is well able to afford counsel, chose not to do so, electing to act as his own counsel. There is no reason he should not be held responsible for the inept counsel he freely chose even though that counsel was himself. See State v. Morford, 192 Neb. 412, 222 N. W. 2d 117. He cannot be heard here to assert prejudice in remarks to which he did not object at the time they were made. In any event, we have examined the remarks of counsel in the context of the entire record and we find that statements to the jury were not improper and did not operate to prejudice the rights of the defendant. See State v. Costello, 199 Neb. 43, 256 N. W. 2d 97.

The judgment and sentence of the trial court below are affirmed.

AFFIRMED.