STATE OF NEBRASKA, APPELLEE, V. HERSHELL
STONER, APPELLANT.

271 N. W. 2d 348

Filed November 8, 1978.   No. 41962.

Hershell Stoner, pro se.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

WHITE, J.

This is a companion case to State v. Baker, *ante* p. 579, 270 N. W. 2d 922. Defendant was charged with the failure to make a state income tax return. On the Nebraska individual income tax return for the year 1976, the defendant supplied his name, address, town, and social security number. He objected to providing his zip code. He objected to providing his county of residence. He did not provide his school district and county numbers. He objected to setting forth his federal filing status and objected to all other information called for on the form. Attached to the form was a lengthy letter in which he explained that, where the word "object" appeared on the form, his refusal to provide the information called for was based on rights protected by the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, Fourteenth, and Sixteenth Amendments to the United States Constitution. The defendant's argument relies primarily on a Fifth Amendment claim that it is his privilege not to disclose any information relating to his income on a tax return. The county court found the defendant guilty and assessed a fine against the defendant of $300 and

costs. The defendant appealed to the District Court and the District Court affirmed. He appeals to this court. We affirm.

The defendant contends principally on appeal that he was entitled to assistance of lay counsel and that he has a right under the Fifth Amendment to the United States Constitution not to disclose any information relating to income on an income tax return. The defendant told the trial court that he would proceed only with lay counsel. The court declined to allow lay counsel to represent him. He assigns this refusal as error. No purpose would be served by setting forth in detail the arguments of the defendant. They have been decided adversely to his position most recently in State v. Baker, *supra*, State v. Spurgeon, 200 Neb. 719, 265 N. W. 2d 224, and State v. Soester, 199 Neb. 477, 259 N. W. 2d 921.

The judgment and sentence of the trial court are affirmed.

AFFIRMED.