REQUESTED BY: Dear Senator DeCamp:
You have brought LB 643 to our attention and asked for our opinion with regard to its constitutionality. More specifically, you question the constitutionality of the proviso in line 20 of page 17 which, as you describe it, results in a situation where `an applicant for a late permit is required to in essence confess to any offenses he might have committed.'
The amended portion of LB 643 to which you refer is presumably subsections (3), (4) and (5) of section 46-659. For purposes of clarity, those subsections as set forth in the bill provide:
 "(3) Any person who has failed, or fails within two years after a control area has been designated, to obtain a permit required by subsection (1) of this section, shall make application for a late permit on forms provided by the director.
 "(4) The application for a late permit shall be accompanied by a twenty-five dollar fee payable to the director and a two hundred fifty dollar see payable to the district and shall contain the same information required in subsection (2) of this section.
The information required by section 46-659(2) [referred to in (4)] includes the applicant or applicants' name(s) and post office address(es), the nature of the proposed use, location, size, type, estimated depth (if known), capacity, the acreage and location by legal description of the land involved (if said water is to be used for irrigation) and `such other information as the director may require.'
On its face, we are unable to discern any `incriminating aspects' to the information required by section 46-659. Perhaps your concern arises over the penalties prescribed by section 46-607. That section provides for the imposition of penalties in the following language:
 "Any person violating any of the provisions of sections 46-601 to 46-606, or knowingly furnishing false information hereunder, shall be guilty of a Class IV misdemeanor. Each day shall constitute a separate offense in cases of continued violation."
At the outset, it must be noted that the penalties provided in section 46-607 pertain only to the violation of sections 46-601 to 46-606 or, to those who knowingly furnish false information. The penal consequences of the latter requirement would flow not from providing the information required by section 46-659, but rather, from the falsification of such information. In that respect, the dishonest proclivities of the applicant not the requirements of section46-659 would produce an incriminating result. A situation somewhat similar to that you apparently contemplate and question, was presented to our Supreme Court in Statev. Soester, 199 Neb. 477, 259 N.W.2d 921 (1977). In that case the defendant refused to list personal property owned by him and subject to taxation on his personal property tax return form. Upon his prosecution for failure to file a personal property tax return in violation of section77-1232, R.R.S. 1943, he contended that the constitutional privilege against compulsory self-incrimination excused his refusal to list the personal property which he owned on his tax return. Our high court observed that, `. . . it is not clear to us on what basis the defendant claimed the privilege. There must be some reasonable showing by the taxpayer as to how the disclosure could possibly incriminate him.'Soester, supra, at 479.
With regard to the required information about which you inquire, like our Supreme Court in Soester, `. . . it is not clear to us on what basis' the privilege could be claimed. While there may be such a case, even conjecture does not carry us to it at this time. Accordingly, we are of the opinion that section 46-659 falls comfortably within constitutional confines.