STATE OF NEBRASKA, APPELLEE, v. MICHAEL J. WYMAN, APPELLANT.

339 N.W.2d 756

Filed November 4, 1983. No. 83-085.

Tessendorf, Milbourn & Fehringer, P.C., for appellant.

Paul L. Douglas, Attorney General, and Mark D. Starr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from a judgment of conviction on two counts of operating a motor vehicle while the operator's license was suspended. Appellant, in his sole assignment of error, contends that his constitutional rights were violated in that the county court failed to appoint counsel at a critical stage of the criminal proceeding against him.

During appellant's arraignment in county court and after the court fully advised him of his constitutional rights, including the right to appointed counsel, appellant was asked if he desired counsel. His answer was "No." At a later stage in this almost mind-boggling proceeding, the appellant was again advised of his right to counsel. He refused, since the court would only appoint members of the bar, whom appellant did not trust, and not a lay adviser.

Three separate county judges spent countless hours patiently dealing with the bizarre pleadings and numerous motions filed by appellant. As far as it is discernible, appellant's principal point was that the county court lacked jurisdiction, since the State of Nebraska had not defined legal tender. Consequently, appellant argues the court could not impose a penalty in terms of nonlegal tender. Appellant, in support of the attack on jurisdiction, cited references to cases decided under the law merchant, early decisions of the U.S. Supreme Court, and from a majority of the highest state courts, none of which had the slightest application to the question at hand.

In order to bring the matter to some sort of conclusion, the court notified the appellant on April 15,

1982, that no motions would be considered after April 23, 1982. A jury was selected on April 15, 1982. A motion for continuance was set for hearing on April 26, 1982, and trial was due to commence on April 28, 1982.

Appellant's motion for continuance recited in part: "And since I am limited in my choosing to a member of the bar, (which I honestly can not trust) I am forced to try and defend myself . . . ." At the hearing on the motion for continuance 2 days before trial, the following dialogue took place. "THE COURT: . . . Are you asking for court appointed attorney at this time? MR. WYMAN: If that's what it's going to take, because I can't afford counsel, but yet I don't understand the law. I don't fully understand everything that I'm being charged with. THE COURT: You demand in your assistance of counsel, spokesman of your choice, who is not a member of the bar. That's not provided for in the state of Nebraska. Also this motion is out of time because you were told to have all but two motions in at — by last Friday. MR. WYMAN: I would object again." The appellant then waived jury trial, and on June 23, 1982, he was convicted of both counts.

Appellant's appointed counsel in this appeal urges us to conclude that at the April 26, 1982, hearing, appellant requested appointed counsel. In the entire context of this convoluted record, it is apparent that his demand was again for lay counsel, who would again assert the jurisdictional argument of the State's failure to specify legal tender.

The bar and courts of this state had a proud tradition of supplying appointed, free counsel to indigents long before the command of the U.S. Supreme Court required it. The appellant deliberately set out on a course to make a mockery of that proud tradition. It is well established that the right to counsel may be waived. *Case v. State*, 177 Neb. 404, 129 N.W.2d 107 (1964). Appointed counsel was waived on three occasions. The appellant's clear waiver will not be set

aside on the basis of a single ambiguous exchange. "[T]he right of counsel, accorded under the Sixth Amendment, cannot be manipulated as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice." *State v. Coleman,* 190 Neb. 441, 444, 208 N.W.2d 690, 692 (1973). See, also, *State v. Addison,* 197 Neb. 482, 249 N.W.2d 746 (1977).

"The defendant by electing to act as his own counsel after the refusal of the court to permit lay counsel to appear for him must be held responsible for his ineptness of counsel even though that counsel was himself." *State v. Brashear,* 201 Neb. 582, 584, 270 N.W.2d 924, 925 (1978).

The lower courts, with great restraint and professionalism, accorded appellant the fullest measure of his rights. His charade has now come to an end.

AFFIRMED.