MARIE A. DOBROVOLNY, APPELLEE, V. GINA C. DUNNING, DIRECTOR, NEBRASKA DEPARTMENT OF SOCIAL SERVICES, AND NEBRASKA DEPARTMENT OF SOCIAL SERVICES, APPELLANTS.

375 N.W.2d 123

Filed October 25, 1985.   No. 84-552.

Paul L. Douglas, Attorney General, and Royce N. Harper, for appellants.

Jerom E. Janulewicz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

Gina C. Dunning, director, Nebraska Department of Social Services, and the Nebraska Department of Social Services appeal from a judgment entered by the district court for Hall County, Nebraska, which reversed a decision of the Department of Social Services which had found Marie A. Dobrovolny financially ineligible for public assistance benefits pursuant to Neb. Rev. Stat. §§ 68-1001 et seq. (Reissue 1981 & Cum. Supp. 1984). The trial court remanded the matter to the Department of Social Services for further proceedings on the ground that the finding by the Department of Social Services that Dobrovolny was financially ineligible was not supported by competent, material, and substantial evidence. We believe that the trial court was in error, and for that reason we reverse and remand with directions to affirm the finding made by the Department of Social Services.

The Legislature of the State of Nebraska has adopted a series of statutes establishing a program known as assistance to the aged, blind, or disabled. See § 68-1001 (Cum. Supp. 1984). Under the provisions of § 68-1001.01 (Reissue 1981), the Director of Social Services is authorized to promulgate rules and regulations providing for services to such persons. No issue is raised here by anyone that the regulations so promulgated by the director are in any manner unlawful or an improper delegation of legislative authority. We therefore accept the regulations as valid for purposes of this appeal. The record, sketchy as it is, indicates that Dobrovolny's eligibility, if any, is by reason of her being disabled and not because of blindness or

age. The claim made by Dobrovolny was that the Department of Social Services had failed to establish her ineligibility by competent, material, and substantial evidence.

While, as we have already indicated, the record is somewhat sketchy, what we have before us appears to indicate that on July 7, 1983, Dobrovolny applied for public assistance benefits pursuant to the program of assistance to the aged, blind, or disabled. Her request was denied on July 21, 1983, and she appealed the decision to the director of the Department of Social Services pursuant to the provisions of § 68-1016 (Cum. Supp. 1984). A hearing was held before a hearing examiner designated by the director on August 31, 1983. Dobrovolny appeared pro se. At the hearing, evidence was presented to the hearing officer indicating that on April 22, 1983, Dobrovolny, as grantor, had conveyed a parcel of real estate located in Boyd County, Nebraska, to her sister, Josephine Mahlendorf, for life, and the remainder to Dobrovolny's daughter, Donna Rae Dobrovolny. The evidence disclosed that the property had an assessed value of at least $17,630. Dobrovolny maintained that the conveyance was made because of the fact that she owed her sister $4,000 for moneys previously borrowed by the sister for Dobrovolny. She also maintained that her daughter had expended moneys over the years for Dobrovolny's benefit. In neither case, however, was there any evidence presented of the debts or any documents requiring Dobrovolny to repay the moneys loaned or advanced.

The evidence further disclosed that Dobrovolny also held title to some additional real estate in Boyd County in her name and her sister's name. This property had a value of at least $41,830. Dobrovolny maintained that she had acquired this land by inheritance, that it was her sister who actually owned the property, and that she had no real interest in it. She maintained that the property was placed in her name only to permit her to dispose of the land in the event of her sister's death.

The hearing officer found, based upon the evidence presented, that Dobrovolny had conveyed the parcel of ground valued at approximately $17,000 for the purpose of depriving herself of resources in order to qualify for public assistance and

that, further, the property which she owned a one-half interest in had a value in excess of $1,500. For those reasons the hearing examiner determined that Dobrovolny was ineligible for benefits. The decision of the hearing officer was affirmed by the director on September 12, 1983, and it was from that order that Dobrovolny appealed to the district court.

The Nebraska Public Welfare Manual § IX-3422 (rev. July 1, 1982), then in effect, provided in part: "An applicant/client need not be entirely without resources to be eligible for assistance." The standard used in making that determination for a single individual is that the individual must not have available resources in excess of $1,500. If he or she is found to have more than $1,500 in available resources, the individual is rendered ineligible for benefits. Furthermore, Nebraska Public Welfare Manual § IX-3536 (rev. Apr. 1, 1981), then in effect, provided: "The potential sales value of all real property, other than the allowed exemption for the home, shall be determined and considered in computing the amount of the applicant's total available resources." And, finally, Nebraska Public Welfare Manual § IX-3320 (rev. Apr. 1, 1981), then in effect, provided in part: "An applicant or client of AABD who deprives himself/herself of resources for the purpose of qualifying for assistance thereby becomes ineligible."

The argument of Dobrovolny is to the effect that the trial court was correct in remanding the matter to the hearing officer for further proceedings due to the hearing officer's failure to fully and fairly develop the record and failure to apprise Dobrovolny of her possible need for legal counsel. Apparently, it is Dobrovolny's position that because she elected to appear pro se, the hearing officer not only had a duty to make a complete record for review but also had a duty to make an independent investigation of the case to see if, in some manner, it could not be determined that Dobrovolny was eligible, and because of the officer's failure to do so, the matter must be remanded for a further hearing, at which time Dobrovolny may hire a lawyer to try and make a case. We do not believe that that position can be sustained.

In the first instance, when Dobrovolny was notified of the hearing, she was advised: "You or your representative are

encouraged to submit pertinent information relating to your appeal. On the basis of the hearing record, the State Director of Public Welfare will make a prompt decision in writing, which - will be sent to you." It was Dobrovolny who was appealing, and not the hearing officer. As the party appealing, the burden was upon Dobrovolny to show the director, or in this case the director's designee, why the decision denying her benefits was in error. The cases seem to be without conflict that one seeking public assistance has the burden of proving entitlement to the benefits. *Keating v. Secretary of Health, Ed. and Welf. of U.S.*, 468 F.2d 788 (10th Cir. 1972); *McCarthy v. Burkholder*, 448 F. Supp. 41 (D. Kan. 1978); *Cummins v. State Dept. of Public Health & Welfare*, 481 S.W.2d 639 (Mo. App. 1972); *Ind. Dept. Public Welfare v. Anderson*, 171 Ind. App. 375, 357 N.E.2d 267 (1976).

Dobrovolny does not seem to quarrel with the position that she had the burden to prove she was eligible for benefits. As we have noted, however, she seems to believe that the hearing officer had some duty to make an independent investigation in order to find facts to support her position. She cites no Nebraska authority to support that position, but cites us to authority from other jurisdictions to the effect that a hearing officer has the affirmative obligation to probe, inquire, and explore the relevant factors to attempt to draw out the potential strength of the applicant's contention. See, *Hicks v. Mathews*, 424 F. Supp. 8 (D. Md. 1976); *Little v. Department of Health, etc., Social Sec. Admin.*, 173 F. Supp. 276 (S.D. Miss. 1959); *Schlabach v. Secretary of Health, Ed. & Welfare*, 469 F. Supp. 304 (N.D. Ind. 1978). Drawing out relevant factors is not the same as looking for evidence not known to the applicant.

The difficulty with all of this is that, with regard to the property conveyed, there is nothing missing in this record. The evidence is clear that Dobrovolny conveyed property to her sister for life, remainder to her daughter, for, at the most, $4,000 which the sister had borrowed for her at an earlier time. No probing in the world could possibly change that fact. There was no evidence that Dobrovolny was obligated to repay other moneys given to her by either her sister or her daughter, if in fact such moneys were given.

We know of no rule of law which authorizes the district court to continue remanding a proceeding for further hearings until the hearing officer has sufficiently assisted an applicant in proving eligibility for benefits. When one examines the transcript made before the hearing officer, it is clear that the hearing officer gave Dobrovolny every opportunity to present any evidence in support of her position, even after the hearing was closed. If there was evidence available to support her position, she was made aware of the need to produce that evidence and failed to do so. If one chooses to represent himself or herself before a tribunal, one must accept the consequences of one's own failure to properly present sufficient evidence to sustain one's burden. See, *State v. Wyman*, 215 Neb. 537, 339 N.W.2d 756 (1983); *State v. Brashear*, 201 Neb. 582, 270 N.W.2d 924 (1978).

The finding of the Director of Social Services with regard to the property conveyed by Dobrovolny was correct and should have been affirmed by the district court. In view of the fact that such a finding would render Dobrovolny ineligible for benefits regardless of the facts connected with the property owned with her sister, we need not examine that matter at this time. For that reason the judgment of the district court is reversed and the cause remanded with instructions to affirm the finding made by the Director of Social Services.

REVERSED AND REMANDED WITH DIRECTIONS.