STATE OF NEBRASKA, APPELLEE, V. RICHARD E. STICKNEY,
APPELLANT.
384 N.W.2d 301

Filed April 4, 1986.   No. 85-544.

Richard E. Stickney, pro se.

Robert M. Spire, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Defendant-appellant, Richard E. Stickney, appeals from an order of the district court denying his motion for post conviction relief. We dismiss the appeal.

Stickney's direct appeal, challenging solely the excessiveness of his sentence after his plea of guilty to attempted first degree sexual assault, was affirmed in *State v. Stickney*, 216 Neb. xxi (case No. 83-571; Jan. 18, 1984). On December 3, 1984,

Stickney filed his 14-page pro se "MOTION TO VACATE AND SET ASIDE CONVICTION," "pursuant to the provisions of the Nebraska Post Conviction Relief Act, sections 29-3001 to 29-3004 (Reissue 1979) . . . ." A hearing was held by the district court on this motion on April 16, 1985. Defendant was present at this hearing with privately retained counsel. On May 15, 1985, the district court filed its order denying the relief requested. Stickney filed his notice of intent to appeal on July 5, 1985. In his notice of intent to appeal and in his pro se brief, Stickney refers to an order dated June 25, 1985, purportedly overruling a motion for new trial. No such motion for new trial nor order overruling such a motion appears in the transcript before us.

Neb. Rev. Stat. § 29-3002 (Reissue 1979) requires that an appeal from an order overruling a motion for post conviction relief be taken "as provided for in appeals in civil cases." Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 1984) requires that a notice of appeal to obtain a reversal, vacation, or modification of a final order be filed with the clerk of the district court within 1 month of that order or within 1 month from the overruling of a motion for new trial.

The record before us shows no motion for new trial in the transcript that would extend the filing date beyond 1 month after May 15, 1985. Stickney filed his notice of intent to appeal more than 1 month after the order denying his motion for post conviction relief was entered. Where a notice of appeal is not filed within 1 month of the entry of the final order appealed from as required by § 25-1912(1), this court obtains no jurisdiction to hear the appeal, and the appeal must, therefore, be dismissed. *State v. Harrington*, 214 Neb. 696, 335 N.W.2d 316 (1983).

We also note that no bill of exceptions containing the testimony of the April 16, 1985, hearing is before us and that no praecipe directed to the clerk of the district court or the court reporter requesting that bill of exceptions is in the record. We further note that Stickney had counsel at his post conviction hearing of April 16, 1985, but apparently chose to proceed pro se, and on July 8, 1985, specifically obtained leave to proceed in forma pauperis without requesting counsel on appeal. In that

situation we have uniformly held that if a defendant chooses to represent himself he "must be held responsible for his ineptness of counsel even though that counsel was himself." *State v. Brashear*, 201 Neb. 582, 584, 270 N.W.2d 924, 925 (1978). See, also, *State v. Wyman*, 215 Neb. 537, 339 N.W.2d 756 (1983); *Dobrovolny v. Dunning*, 221 Neb. 67, 375 N.W.2d 123 (1985).

APPEAL DISMISSED.